UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited Liability Company,<br><br>            Plaintiff,<br><br>    v.<br><br>MILK MOOVEMENT, INC., a/k/a Milk Moovement, LLC, a foreign Corporation,<br><br>            Defendant. | No. 21-cv-02233 WBS AC<br><br><u>ORDER RE: MOTION FOR</u><br><u>TEMPORARY RESTRAINING ORDER</u> |

----oo0oo----

Plaintiff Dairy, LLC filed this action against defendant Milk Moovement, Inc. on December 2, 2021 alleging violations of the Defend Trade Secrets Act and the California Uniform Trade Secrets Act. (Docket No. 1.)  On December 10, 2021, Plaintiff moved for a temporary restraining order and order to show cause as to why a preliminary injunction should not be granted. (Docket No. 8.)  Plaintiff seeks to enjoin defendant from, among other things, using, copying, disclosing, or

1

1  transmitting plaintiff's alleged trade secret information.  (Id.)
2  Defendant filed an opposition to the motion on December 14, 2021.
3  (Docket No. 15.)

4       "The purpose of a temporary restraining order is to
5  preserve the status quo pending the complete briefing and
6  thorough consideration contemplated by full proceedings pursuant
7  to a preliminary injunction."  Occupy Sacramento v. City of
8  Sacramento, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *3 (E.D.
9  Cal. Nov. 4, 2011) (citing Granny Goose Foods, Inc. v. Teamsters,
10 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should
11 be restricted to serving their underlying purpose of preserving
12 the status quo and preventing irreparable harm just so long as is
13 necessary to hold a hearing, and no longer"); Reno Air Racing
14 Ass'n. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v.
15 Cate, No. 1:08-cv-873 NVW, 2010 WL 1558562, at *1 (E.D. Cal.
16 2010)).

17       In order to obtain a temporary restraining order or
18 preliminary injunction, the moving party must establish (1) it is
19 likely to succeed on the merits, (2) it is likely to suffer
20 irreparable harm in the absence of preliminary relief, (3) the
21 balance of equities tips in its favor, and (4) an injunction is
22 in the public interest.  Winter v. Nat. Res. Def. Council, Inc.,
23 555 U.S. 7, 20-21 (2008); Humane Society of the U.S. v.
24 Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); Credit Bureau
25 Connection, Inc. v. Pardini, 726 F. Supp. 2d 1107, 1132 (E.D.
26 Cal. 2010) (standards for temporary restraining orders and
27 preliminary injunctions are the same).
28 I.   Likelihood of Success on the Merits

        To obtain a temporary restraining order, plaintiff must show a likelihood of success on the merits on each element of its claims. See Sony Computer Entm't, Inc. v. Connectix Corp., 203 F. 3d 596, 608 (9th Cir. 2000) (requiring plaintiff to show a likelihood of success on each element of its claim). Here, under both the Defend Trade Secrets Act of 2016 and the California Uniform Trade Secrets Act, plaintiff must show not just the existence and ownership of a trade secret and the misappropriation of that information, but that "(1) the information is not readily ascertainable through proper means, (2) the information derives independent economic value, and (3) the plaintiff took reasonable measures to keep such information secret." Cherokee Chem. Co., Inc. v. Frazier, No. 20-1757-MWF (ASx), 2020 WL 8410432, at *3 (C.D. Cal. Dec. 14, 2020).

        Even assuming plaintiff has made a sufficient showing of the other elements of its claims, the moving papers do not demonstrate that plaintiff took reasonable measures to keep reports in defendant's possession secret. Plaintiff claims the reports, which it considers trade secrets, were sent to defendant by its customer California Dairies, Inc. Plaintiff argues that the reports are known to be confidential in the industry, but provides no facts detailing how, if at all, plaintiff instructed California Dairies, Inc. to keep this information confidential, or that the reports were at the least labeled confidential.

        Accordingly, plaintiff has not sufficiently shown a likelihood of success on the merits as it has not demonstrated that the reports are a trade secret. Plaintiff's motion for a temporary restraining order could be denied on this basis alone.

II. <u>Irreparable harm</u>

"Under <u>Winter</u>, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." <u>All. for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). The irreparable harm claimed here is that absent injunctive relief, plaintiff will suffer loss of market share, loss of current and prospective customers, and an increased risk that its confidential information will be shared to third parties.

Assuming that these predicted effects constitute irreparable harm, plaintiff still must demonstrate that the injury is immediately threatened. See <u>Caribbean Marine Servs. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). Plaintiff has not carried this burden.

In assessing the immediacy of the threatened injury and irreparable harm, the court notes that plaintiff originally filed its case in the Central District of California, No. 2:21-cv-09279-PA-MAR, on November 29, 2021, which it voluntarily dismissed on December 2, 2021, and plaintiff did not move for a temporary restraining order while the case was open in the Central District. After filing its complaint in this district, plaintiff waited more than a week to move for a temporary restraining order.

Further, plaintiff alleges that the trade secrets were transmitted from its customer, California Dairies, Inc., to defendant in September 2021. (Docket No. 8-3 at ¶ 5.) Plaintiff's counsel learned of this transmission through a former employee of California Dairies, Inc., but has provided no

4

1 information as to when plaintiff or plaintiff's counsel became
2 informed of this transmission.  (Id. at ¶ 8.)
3        Under these circumstances, plaintiff has not shown
4 specific facts demonstrating that immediate and irreparable
5 injury will result before the court could hear a motion for a
6 preliminary injunction. See Fed. R. Civ. P. 65 (b)(1)(A); See
7 E.D. Local Rule 231(b) (court will consider whether applicant
8 seeking a temporary restraining order "could have sought relief
9 by motion for preliminary junction at an earlier date without the
10 necessity for seeking last-minute relief by motion for temporary
11 restraining order," and undue delay may constitute grounds to
12 deny the request).
13        Plaintiff provides general allegations of losing
14 customers and market share, but provides no specifics about the
15 harm that would occur in the brief period of time between now and
16 a hearing on the preliminary injunction that has not already
17 occurred since defendant received the alleged trade secrets in
18 September 2021.  This failure to show immediate irreparable harm
19 therefore constitutes another basis for denying a temporary
20 restraining order.
21        IT IS THEREFORE ORDERED that plaintiff's motion for a
22 temporary restraining order be (Docket No. 8), and the same
23 hereby is, DENIED.  Counsel shall submit a suggested schedule for
24 briefing and hearing plaintiff's motion for a preliminary
25 injunction.
26 Dated:  December 15, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE