UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MILK MOOVEMENT, INC., a/k/a Milk Moovement, LLC, a foreign corporation,<br><br>Defendant. | No. 2:21-cv-02233 WBS AC<br><br>ORDER |

Plaintiff's motion for expedited discovery, ECF No. 34, is before the undersigned and resolved by this order. This action was filed on December 2, 2021. ECF No. 1. On December 10, 2021, plaintiff filed an ex parte application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue. ECF No. 8. On January 3, 2022, U.S. District Judge William B. Shubb denied the application for a temporary restraining order and instructed the parties to suggest a schedule for briefing the preliminary injunction motion. ECF No. 17. On January 18, 2021 defendant filed a motion to dismiss, set to be heard before Judge Shubb on February 22, 2022. ECF No. 29. On the same day, plaintiff filed a motion for preliminary injunction, also set to be heard on February 22, 2022. ECF No. 31. Plaintiff also filed the instant motion for expedited discovery, initially noticed before Judge Shubb (ECF No. 34) and an ex parte application to shorten briefing schedules (ECF No. 35). On January 25, 2022,

1

Judge Shubb referred the motion for expedited discovery to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and noted that the motion for preliminary injunction would remain calendared for February 22, 2022. ECF No. 40. The undersigned granted the motion to shorten briefing on the expedited discovery motion, ordering briefing complete by Friday, February 4, 2022. ECF No. 41. The motion (ECF No. 34) has been fully briefed and is GRANTED in part and DENIED in part, as discussed below.

## I.     RELEVANT BACKGROUND

A.     <u>Factual Allegations of the Complaint</u>

Plaintiff brings this action for alleged trade secrets misappropriation under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1837, and the California Uniform Trade Secrets Act, California Civil Code § 3426.1 et. seq. ECF No. 1 at 2. The complaint alleges in sum as follow. Plaintiff, by and through its trade name of Dairy.com, is the leading provider of technology, services, and intelligence platforms to the dairy industry in the United States. Id. at 3. Dairy.com's proprietary software platform enables dairy industry businesses to accurately manage all the complexities of paying producers and haulers, capture milk manifest data in real-time, designate loads for trading partners, and notify haulers. Id.

One of plaintiff's customers was CDI. ECF No. 1 at 4. On information and belief, CDI is a milk marketing and processing cooperative in California. As part of its suite of software services, Dairy.com provides to CDI proprietary reports, developed over the course of twenty years, including the following: (1) Balancing reports; (2) Production Pooling reports; (3) Payroll reports; (4) Quality management reports; (5) List producers reports; and (6) Membership reports (collectively, the "Trade Secrets"). Id. CDI signed an agreement with plaintiff that included robust terms protecting plaintiff's Trade Secrets and requiring that CDI not provide plaintiff's Trade Secrets to third parties. Id. at 6.

Defendant is an agri-tech startup founded in 2018, headquartered in Nova Scotia, Canada, which utilizes a software platform focused on the Canadian dairy industry Id. On plaintiff's information and belief, prior to misappropriating plaintiff's trade secrets, defendant did not have software that was compliant or workable for use within the United States dairy industry. Id. at 7.

1  Plaintiff contends that on or around September 23, 2021, an officer of defendant in Canada sent
2  an email to CDI representatives in California requesting that CDI provide it plaintiff's Trade
3  Secrets by providing defendant with over 20 reports from plaintiff's supply chain software.  Id.
4  The list of requested reports compromised a large portion of the entire software suite solution
5  offered by plaintiff to its customers and are themselves valuable Trade Secrets belonging to
6  plaintiff.  Id.  Plaintiff alleges that on or about September 27, 2021 CDI personnel in California
7  sent by email many of the requested reports to defendant and the remaining requested reports
8  were sent in October 2021.  Id.  In September 2021, CDI entered into a software and services
9  agreement with Milk Moovement and gave notice to Dairy that it was terminating the User
10  Agreement between Dairy and CDI as of February 1, 2022.  ECF No. 34-1 at 5.

## II.   LEGAL STANDARDS

12  Generally, a party may not conduct discovery before the parties have met and conferred
13  pursuant to Federal Rule of Civil Procedure 26(f).  In re Countrywide Fin. Corp. Derivative
14  Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008).  However, a court may authorize early
15  discovery "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R.
16  Civ. P. 26(d)(2).  The moving party must show good cause for the early discovery.  See Semitool,
17  Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be
18  found where the need for expedited discovery, in consideration of the administration of justice,
19  outweighs the prejudice to the responding party."  Id.  To make this determination, courts often
20  consider factors such as (1) whether a preliminary injunction is pending; (2) the purpose of the
21  discovery request; (3) the breadth of the discovery request; and (4) the burden on the non-moving
22  parties.  See American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).
23  "Good cause for expedited discovery is frequently found in cases involving claims of
24  infringement and unfair competition or in cases where the plaintiff seeks a preliminary
25  injunction."  AF Holdings LLC v. Doe, No. 2:12-cv-2206-JAM-EFB, 2012 WL 5464577, at *2
26  (E.D. Cal. Nov. 7, 2012).
27  ////
28  ////

3

### III. DISCUSSION

A. Dispute Background

    1. Proposed Early Discovery Requests

Plaintiff's proposed expedited discovery requests are located at Exhibits A and B to their memorandum at ECF No. 34. The proposed discovery requests include (1) the expedited deposition of Chief Product Officer of Defendant Milk Moovement, Jon King, and (2) responses to the following requests for production:

REQUEST FOR PRODUCTION NO. 1:

> ALL DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF'S PRODUCER PAYROLL APPLICATION, INCLUDING DOCUMENTS and COMMUNICATIONS RELATING TO the reports generated by PLAINTIFF'S PRODUCER PAYROLL APPLICATION.

REQUEST FOR PRODUCTION NO. 2:

> ALL DOCUMENTS CONCERNING the Deliveries by Plant and FO report generated from DAIRY.COM.

REQUEST FOR PRODUCTION NO. 3:

> ALL DOCUMENTS and COMMUNICATIONS between YOU and CDI from January 1, 2021 to present that REFER OR RELATE TO PLAINTIFF.

REQUEST FOR PRODUCTION NO. 4:

> ALL DOCUMENTS reflecting the capability of YOUR software as of September 27, 2021 to perform any of the following functions: managing the process for paying producers and haulers, tracking and designating milk for pooling and depooling in accordance with applicable Federal Milk Marketing Orders, tracking whether a producer's milk qualifies for pooling in accordance with applicable Federal Milk Marketing Orders, and generating reports required by an applicable Federal Milk Marketing Order.

    2. Plaintiffs' Position

Plaintiff argues that the reports that CDI shared with Milk Moovement, combined with the numerous communications between the parties regarding plaintiff's software, revealed the structure and organization of its software and the methods, techniques, and processes built into the software to facilitate compliance with Federal Milk Marketing Orders ("FMMO"). ECF No. 34-1 at 5-6. Plaintiff alleges CDI's discussions with defendant—as well as the sharing of reports

generated by Dairy.com—were flatly prohibited by Dairy's User Agreement Terms and Conditions. Id. Plaintiff asserts that "[a]lthough Dairy has obtained a single email demonstrating that CDI shared a broad range of reports from Dairy's software with Milk Moovement, it has no way of knowing what other information was shared and whether CDI demonstrated other proprietary aspects of Dairy's software that contain trade secrets for Milk Moovement." Id. at 6. Plaintiff contends the requests are narrowly tailored and that good cause for expedited discovery exists in light of the pending preliminary injunction motion.

        3.        Defendants' Position

Defendant opposes plaintiff's motion on the grounds that plaintiff has not identified trade secrets with reasonable particularity or identify protectable trade secrets, and that plaintiff did not use reasonable secrecy measures. ECF No. 42 at 10-13. Defendant argues that the discovery is sought for an improper purpose, that it would be unduly burdensome because plaintiff does not allege a viable claim, and that the sought-after discovery. Id. at 14-17. Defendant argues that the motion for expedited discovery ignores that fact that defendant has a pending motion to dismiss. Id. at 11.

B.        Analysis

On review of the parties' positions and in light of the timeline of this case, the court finds that plaintiffs have demonstrated good cause to conduct expedited discovery as to the requests for production, but not as to the proposed deposition. Plaintiff is seeking limited discovery directly related to a pending motion for a preliminary injunction aimed at quelling alleged ongoing abuse of its systems. The court agrees that the requested discovery, as to production of documents, will aid in the resolution of the pending motion. See e.g., Quia Corp. v. Mattel, 2010 WL 2179149 (N. D. Cal. 2010); see also Advisory Committee Notes to the 1993 amendments to Rule 26(d) (noting that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."). The pendency of the preliminary injunction motion and the related purpose of the proposed discovery both weigh in favor of allowing early discovery.

////

To the extent defendant alleges document production will be unduly burdensome, the court is not persuaded. ECF No. 42 at 21. The court does agree with defendant, however, that preparing Mr. King for a deposition and conducing the deposition on a short timeframe at this stage of litigation would impose an undue burden, particularly because plaintiff provides no particular reasoning as to the specific need for the deposition and does not provide any limitations on the scope of the deposition. See ECF No. 34-1. In its reply, plaintiff proposes limiting the scope of the deposition "to the narrow set of topics covered in the declaration he submitted in opposition to Dairy's application for a temporary restraining order— e.g., Milk Moovement's software capabilities, U.S. dairy regulations, and Milk Moovement's communications with CDI." ECF No. 46 at 11. Still, plaintiffs give no indication what questions would be asked or how long the deposition would take. The court is persuaded that it would be unduly burdensome on defendants to force preparation for such a deposition on the proposed shortened timeframe.

### IV.    CONCLUSION

The court finds that plaintiff has shown good cause that its need for expedited document production discovery outweighs any prejudice to defendant. Plaintiff has not shown good cause to take an expedited deposition. Accordingly, good cause appearing, plaintiff's motion to shorten time and for expedited discovery (ECF No. 34) is GRANTED in part (as to requests for production) and DENIED in part (as to the proposed deposition).

Exhibit B to plaintiff's motion, filed at ECF No. 34-3, is hereby deemed served. Defendant shall respond to plaintiff's requests for production of documents and things no later than ten (10) days from the date of this order.

IT IS SO ORDERED.

DATED: February 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE