UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited LiabilityCompany,<br><br>Plaintiff,<br><br>v.<br><br>MILK MOOVEMENT, INC., a foreign Corporation, and MILK MOOVEMENT,LLC, a Delaware Limited Liability Company,<br><br>Defendants. | No. 2:21-cv-02233 WBS AC<br><br>ORDER |

Pending before the court is defendants' motion for reconsideration of the undersigned's order (ECF No. 47) granting plaintiff's motion for limited expedited discovery. ECF No. 66. Plaintiff was given an opportunity to respond (ECF No. 67) and opposes the motion. ECF No. 69.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441

(D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.

Defendants seek reconsideration of the undersigned's February 8, 2022 order (ECF No. 47) granting in part and denying in part plaintiff's motion for expedited discovery.  In that order, the undersigned found good cause for limited expedited document production, reasoning that "[t]he pendency of the preliminary injunction motion and the related purpose of the proposed discovery both weigh in favor of allowing early discovery."  ECF No. 47 at 5.  On February 25, 2022, District Judge William B. Shubb denied the motion for preliminary injunction.  ECF No. 59.  In light of this denial, defendants move the court for reconsideration of the order granting expedited document discovery.  ECF No. 66.  Plaintiff argues against reconsideration, in part stating that the motion will soon be moot because a scheduling conference is set in this case for April 25, 2022 and the parties will be required to hold their 26(f) conference no later than April 4, 2022, after which discovery will begin in its normal course.  ECF No. 69 at 6.  Plaintiff also argues that defendants have not properly complied with the order and their delay tactics should not be rewarded.  ECF No. 69 at 9.

The court declines to reconsider its prior order.  That order, issued February 8, 2022, required document production within 10 days: no later than February 18, 2022.  ECF No. 47.  Judge Shubb denied the motion for preliminary injunction on February 25, 2022, one week after the documents should have been produced.  ECF No. 59.  Reconsideration at this juncture would validate and encourage parties not to comply with discovery orders in the hope that a favorable ruling on substantive motions will obviate the need for compliance.  The court declines to condone or encourage such litigation practices.

1 | It is hereby ORDERED that the motion for reconsideration (ECF No 66) is DENIED and
2 | the required document production is due no later than close of business April 1, 2022.
3 | IT IS SO ORDERED.
4 | DATED: March 29, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE