UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>MILK MOOVEMENT, INC., a foreign Corporation, and MILK MOOVEMENT, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | No. 2:21-cv-02233 WBS AC<br><br>ORDER RE: REQUESTS TO SEAL |

----oo0oo----

Dairy, LLC initiated this action against Milk Moovement, Inc. and Milk Moovement, LLC alleging trade secret misappropriation under federal and California law, and intentional interference with contractual relations. (First Am. Compl. (Docket No. 48).)  Before the court are (1) Dairy's and Milk Moovement's requests to file under seal redacted portions the parties' pleadings pertaining to Milk Moovement's motion for leave to amend counterclaims (Docket Nos. 205, 225, 234), (2)

1

1    their requests to file under seal exhibits and portions of
2    exhibits filed in support of the parties' pleadings (id.), and
3    (3) Milk Moovement's request to permanently seal Exhibit T filed
4    in support of Dairy's opposition (Docket No. 228).
5             A party seeking to seal a judicial record bears the
6    burden of overcoming a strong presumption in favor of public
7    access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
8    1178 (9th Cir. 2006).  The party must "articulate compelling
9    reasons supported by specific factual findings that outweigh the
10   general history of access and the public policies favoring
11   disclosure, such as the public interest in understanding the
12   judicial process."  Id. at 1178-79 (citation omitted); see also
13   Ctr for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098-
14   99 (9th Cir. 2016) (explaining that the compelling reasons
15   standard should apply to all motions which are correlated to the
16   underlying cause of action).  In ruling on a motion to seal, the
17   court must balance the competing interests of the public and the
18   party seeking to keep records secret.  Kamakana, 477 F.3d at
19   1179.
20            The Ninth Circuit has recognized that an example of a
21   compelling reason for sealing records includes "sources of
22   business information that might harm a litigant's competitive
23   standing."  Ctr. For Auto Safety, 809 F.3d at 1097 (quoting Nixon
24   v. Warner Commc'ns, Inc., 435 U.S. 539, 598 (1978)); see also
25   Smith v. United States, 2022 WL 3578568, *1 (E.D. Cal. Aug. 19,
26   2022) (explaining that business information may include "pricing,
27   profit, and customer usage information kept confidential by a
28   company that could be used to the company's competitive

disadvantage").

Dairy identifies three specific documents it seeks to protect: (1) the Software Assignment and Grant-Back License Agreement between Dairy and United Dairymen of Arizona ("UDA") (Patchen Decl., Ex. A (Docket No. 224-2)); (2) the Nondisclosure Agreement between Dairy and UDA (Patchen Decl., Ex. B (Docket No. 224-3)); and (3) the letter sent from Dairy to UDA ("UDA Letter") which references both the Software Assignment Agreement and the Nondisclosure Agreement (Hagey Decl., Ex. 10 (Docket No. 204-12)). (Dairy Req. to Seal at 4.) Dairy states that these documents include confidential licensing agreements, commercial arrangements, and business terms and strategies and that disclosure of its purported confidential information would harm Dairy's competitive standing. (Id.)

This "boilerplate" statement alone does not outweigh the history of access and public policies favoring disclosure to the public. A party must still "articulate compelling reasons supported by specific factual findings." Kamakana, 447 F.3d at 1178. "Simply mentioning a category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." Id. at 1184. Dairy provides no further guidance as to what sensitive information these documents contain that would merit and order sealing the documents from public view. Therefore, the court must deny Dairy's request to seal the Software Assignment Agreement, Nondisclosure Agreement, and UDA Letter without prejudice. The court will consider a more tailored request which identifies the specific information to be redacted or sealed and articulates the bases for redactiing or

3

1  sealing such information.
2        Milk Moovement seeks to permanently seal Exhibit T, an
3  Excel spreadsheet, which it contends contains "commercially-
4  sensitive, strategic information, including a recent overview of
5  its software goals, ongoing projects, budgets, expenses,
6  financial projections, and overall strategy and decisionmaking."
7  (Milk Moovement Req. to Permanently Seal at 1.)  The request to
8  permanently seal Exhibit T appears to sufficiently show that
9  sealing is necessary to protect Milk Moovement's business
10 information.  Accordingly, Milk Moovement's request to
11 permanently seal Exhibit T will be granted.
12       In addition to the specific documents discussed above,
13 both parties seek to seal materials designated as "CONFIDENTIAL"
14 or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the
15 stipulated protective order (Docket Nos. 54 61).  As both parties
16 correctly acknowledge, a confidentiality agreement between the
17 parties does not per se constitute a compelling reason to seal
18 documents outweighing the interests of public disclosure and
19 access.  There needs to be an independent basis for sealing or
20 redacting a document beyond the fact that material is within the
21 purview of a stipulated protective order.
22       IT IS THEREFORE ORDERED that Milk Moovement's request
23 to permanently seal Exhibit T (Docket No. 228) be, and the same
24 hereby is, GRANTED, and said document is ordered SEALED.
25       IT IS FURTHER ORDERED that the requests to seal
26 redacted portions of Milk Moovement's motion for leave to amend
27 counterclaims and its reply; exhibits 1 and 2 of the proposed
28 Second Amended Counterclaims; exhibits 1, 5, 6, 7, 8, 9, 10, 11,

13, 14, and 15 of the Declaration of Hagey; Dairy's opposition to the motion for leave to amend counterclaims; the Declaration of Patchen; and exhibits A, B, and N of the Declaration of Patchen (Docket Nos. 205, 225, 234) be, and the same hereby are, DENIED WITHOUT PREJUDICE.

Dated: February 13, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE