UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited Liability Company,<br><br>             Plaintiff,<br><br>    v.<br><br>MILK MOOVEMENT, INC., a foreign Corporation, and MILK MOOVEMENT, LLC, a Delaware Limited Liability Company,<br><br>             Defendants. | No. 2:21-cv-02233 WBS AC<br><br><u>ORDER RE: MOTION FOR LEAVE TO AMEND COUNTERCLAIMS</u> |

----oo0oo----

Defendant Milk Moovement, LLC seeks leave to amend its counterclaims to add counterclaims for: (1) conspiracy to monopolize in violation of § 2 of the Sherman Act, 15 U.S.C. § 2; (2) monopolization and attempted monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2; (3) unlawful restraint of trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1; (4) unlawful restraint of trade in violation of the Cartwright Act, Cal. Bus. Prof. Code §§ 16700 et seq.; (5) violation of § 7 of

1

1  the Clayton Act, 15 U.S.C. § 18; and (6) unfair competition, Cal.
2  Bus. & Prof. Code §§ 17200 et seq.  (See Mot. to Am. Countercls.
3  (Docket No. 204).)

4       Because the court has issued a pretrial scheduling
5  order in this matter, it must look first to Rule 16(b)'s "good
6  cause" standard and then to Rule 15(a)(2) in ruling on the
7  motion.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
8  607-08 (9th Cir. 1992).  Accordingly, the relevant inquiry
9  includes whether the proposed amendment (1) would cause prejudice
10 to the opposing party, (2) is sought in bad faith, (3) creates
11 undue delay, or (4) is futile.  Chudacoff v. Univ. Med. Ctr. of
12 S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v.
13 Davis, 371 U.S. 178, 182 (1962)).[1]

14       Here, plaintiff argues that allowing the amendment
15 would "radically prejudice" Dairy by exploding what is
16 essentially a trade secrets case into a full-blown antitrust
17 action.  (Opp'n at 3 (Docket No. 224).)  Specifically, Dairy
18 contends that the new counterclaims would result in the need for
19 additional discovery and necessitate extension of existing
20 discovery deadlines, would "balloon" the scope of litigation, and
21 could not be accommodated by the current case schedule, which has
22 trial currently scheduled for November 7, 2023.  (Id. at 27.)
23 However, "[t]he fact that the amended counterclaim may cause more
24 work does not constitute prejudice.").  Fru-Con Constr. Corp. v.

---

[1] "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." J & J Sports Prods., Inc. v. Maravilla, 2:12-cv-02899 WBS EFB, 2013 WL 4780764, at *1 (E.D. Cal. Sept. 5, 2013).

1  Sacramento Mun. Util. Dist., No. CIV. S-05-583 LKK GGH, 2006 WL
2  3733815, at *5 (E.D. Cal. Dec. 15, 2006) (citation omitted).
3       This is a case that is going to be hotly litigated,
4  whether the court allows the amended counterclaims or not.  The
5  parties have already filed five dispositive motions, including a
6  motion for a temporary restraining order (Docket No. 8), a motion
7  for a preliminary injunction (Docket No. 31), a motion to dismiss
8  the complaint (Docket No. 55), and two motions to dismiss
9  counterclaims (Docket Nos. 83, 113).  The magistrate judge has
10 handled a constant stream of discovery disputes including
11 numerous requests to seal, motions to compel, motions for
12 sanctions, motions to expedite discovery, and multiple requests
13 for reconsideration.  While the new counterclaims may expand the
14 scope of the litigation, the parties have already made it clear
15 that this case is major complex litigation.
16      It does not appear that the pending motion was filed in
17 bad faith.  Defendant has shown good cause to bring the motion at
18 this time.  It appears that Milk Moovement was not aware of the
19 potential counterclaims until it obtained additional information
20 through discovery.  Milk Moovement states that discovery produced
21 after the amendment deadline, including a letter sent by Dairy's
22 Chief Financial Officer to United Dairymen of Arizona's Chief
23 Executive Officer (the "UDA Letter"), produced through third-
24 party discovery on December 6, 2022, forms the basis for their
25 proposed amended counterclaims.  (See Mot. at 11-14 (Docket No.
26 204-1).)
27      While permitting the amended counterclaims may require
28 additional discovery, it should not result in undue delay.  The

3

court notes that discovery is still ongoing, and that no depositions have yet been taken. As recently as January 26, 2023, the court amended the scheduling order at the request of the parties to extend the time for discovery. (See Docket No. 220.) If either side needs more time for discovery as a result of the amended counterclaims, they are free to request amendment of the scheduling order to extend the discovery period or to continue the final pretrial conference or trial dates if necessary.

Dairy's primary argument against allowing the proposed amendments appears to be that it would be futile because the proposed counterclaims have no viable theory of recovery. Dairy argues that the pending motion amounts to no more than an improper request for reconsideration of the court's prior order dismissing Milk Moovement's sham litigation counterclaim without leave to amend. (Opp'n at 6-7.) Although both the dismissed sham litigation counterclaim and the proposed amended counterclaims arise out of antitrust laws, the proposed amended counterclaims are based on alleged monopolistic behavior which extends beyond the initiation of this lawsuit.[2] Milk Moovement's proposed counterclaims do not appear to be an attempt to present the previously dismissed antitrust counterclaim "under new

---

[2] The sham litigation counterclaim alleged that "[t]he whole purpose of Dairy's sham lawsuit was to misuse the courts as a vehicle for carrying out its anticompetitive scheme." (First Am. Countercls. at 52 (Docket No. 111).) By contrast, the new counterclaims allege a variety of actions taken by Dairy including "improperly lock[ing] up customers," "market-power-consolidating acquisitions," and its relationship with Dairy Farmers of America ("DFA"). (Mot. for Leave at 6-7; Hagey Decl., Ex. 1, ¶¶ 33-43 ("Proposed Countercls.") (Docket No. 204-3).)

theories." See McCurdy v. Kernan, No. 1:17-cv-01356 SAB PC, 2021 WL 5822868, at *1 (E.D. Cal. Dec. 8, 2021) (citation omitted).

Because Milk Moovement has demonstrated good cause under Rule 16(b) and the court cannot conclude at this stage that amendment would clearly be futile under Rule 15(a), Milk Moovement's motion for leave to file the Second Amended Counterclaims will be granted.  This is not the appropriate time to consider the legal sufficiency of those counterclaims.  As this court has held many times, courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.  Harris v. Chipotle Mexican Grill, Inc., No. 2:13-cv-2472 WBS EFB, 2014 WL 2993796, at *4 (E.D. Cal. July 2, 2014); see also Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. 1:05-CV-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010).[3]

IT IS THEREFORE ORDERED that Milk Moovement's motion for leave to amend counterclaims (Docket No. 204) be, and the same hereby is, GRANTED.  Milk Moovement has seven days from the date of this Order to file the Second Amended Counterclaims.

Dated:  February 23, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] See also Netbula v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

5