J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Andrew Levine, Esq. (SBN: 278246)
  levine@braunhagey.com
Ronald J. Fisher, Esq. (SBN: 298660)
  fisher@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Douglas S. Curran, Esq. (*pro hac vice*)
  curran@braunhagey.com
Garrett M. Biedermann, Esq. (*pro hac vice*)
  biedermann@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone:  (646) 829-9403
Facsimile:  (646) 403-4089

*Attorneys for Counterclaim-Plaintiff*
*and Defendant Milk Moovement, Inc. and*
*Defendant Milk Moovement, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIRY, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>MILK MOOVEMENT, INC., a foreign Corporation, and MILK MOOVEMENT, LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No.: 2:21-CV-02233-WBS-AC<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF MILK MOOVEMENT, INC.'S AND DEFENDANT MILK MOOVEMENT, LLC'S STATEMENT PURSUANT TO THE COURT'S MAY 17 ORDER** |
| MILK MOOVEMENT, INC., a foreign Corporation,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>DAIRY, LLC, a Delaware Limited Liability Company,<br><br>    Counterclaim-Defendant. | **Date:**        May 24, 2023<br>**Time:**        11:00 a.m.<br>**Ctrm.:**       26, 8th Floor<br>**Judge:**       Hon. Allison Claire<br><br>**Compl. Filed**   December 2, 2021<br>**Trial Date:**     November 7, 2023 |

1  Defendant and Counterclaim-Plaintiff Milk Moovement, Inc. and Defendant Milk

2  Moovement, LLC (collectively, "Milk Moovement") hereby respectfully submit this statement in

3  advance of the Court's May 24, 2023 discovery conference, pursuant to the Court's Order dated

4  May 17, 2023 (ECF 330).  The Court's Order requires the parties to submit separate statements

5  addressing their views on how the Court's April 5, 2023 discovery rulings are affected by the

6  Court's May 12, 2023 Opinion and Order denying Plaintiff Dairy LLC's ("Dairy") motions to

7  dismiss and strike.  (*Id.*)  At the April 5 hearing, the Court ruled on discovery disputes filed at

8  ECF Nos. 242, 246, 260, 264, 268, 269, 272 and 293 and memorialized those rulings in a Minute

9  Order on April 6, 2023.

10  In light of the Court's denial of Dairy's motions, Milk Moovement hereby renews its

11  motions at **ECF 260, 264, and 272**, and respectfully submits that the Court should (i) lift the

12  discovery stay; (ii) grant Milk Moovement's motion to obtain antitrust discovery (and deny

13  Dairy's corresponding motions to prevent such discovery) (ECF 260, 272); and (iii) order

14  document and deposition discovery from Dairy employee Scott Sexton, who unquestionably has

15  played a central role in the facts and circumstances giving rise to the parties' disputes, as

16  explained below (ECF 264).  Milk Moovement addresses each of these disputes in turn.

17  **1.**     **Stay of Discovery:**  The Court previously granted Dairy's motion to stay discovery

18  concerning Milk Moovement's antitrust counterclaims and its Second and Thirteenth Affirmative

19  Defenses while Dairy's motions to dismiss and strike were pending.  (ECF 268.)  Now that Judge

20  Shubb has denied Dairy's motions to dismiss and strike, Milk Moovement respectfully submits that

21  the discovery stay should be lifted and that discovery in this case should proceed immediately.

22  Milk Moovement further notes that the parties are in the process of meeting and conferring to reach

23  an amended case schedule.  Milk Moovement anticipates that the parties will submit a joint

24  proposal regarding the case schedule the week of May 22.

25  **2.**     **Production of Documents Relating to Antitrust Matters (ECF 260):**  The Court

26  previously denied without prejudice Milk Moovement's motion to compel production of

27  documents related to its antitrust counterclaims and affirmative defenses (ECF 260).  At the

28  Court's April 5 conference, Your Honor stated that "if Judge Shubb simply denies the motion to

1  dismiss and everything goes forward, I think all of the discovery requests are appropriate and I

2  would compel production" and that "you will be wasting your time if you come back to me with a

3  motion to [resist compelling] responses on things that are related to claims that Judge Shubb leaves

4  in the case." (Apr. 5 Hr'g Tr. 8:2-8.) Because Judge Shubb did in fact "den[y] the motion to

5  dismiss" such that "everything goes forward," Milk Moovement respectfully submits that its

6  renewed motion should be granted and that Dairy should be compelled to produce documents in

7  response to the requests subject to the motion at ECF 260, as those "discovery requests are

8  appropriate." In renewing its motion at ECF 260, Milk Moovement incorporates by reference the

9  arguments it previously set forth in the joint statement filed at ECF 275.

10         **3.      Depositions of Dairy and Its Employees (ECF 272):** The Court previously

11  granted Dairy's motions for protective orders (ECF Nos. 240, 242) concerning (1) a Rule 30(b)(6)

12  deposition of Dairy, and (2) individual depositions of Dairy employees Aaron Keener, Duane

13  Banderob, Scott Sexton, Ryan Mertes and Charlie Fisher, and denied without prejudice Milk

14  Moovement's corresponding motions to obtain this deposition testimony (ECF 264, 272). The

15  Court ordered that the parties schedule the depositions subject to these motions within seven days

16  of Judge Shubb's order on Dairy's motions to dismiss and strike. (ECF 303.) The parties have

17  conferred regarding the case schedule and depositions, and are in the process of negotiating an

18  agreed extension. That agreement is not yet complete, but there is no reason to believe the parties

19  will not be able to reach that agreement in the coming days. Milk Moovement anticipates that the

20  parties will also be able to agree to dates regarding each of the witnesses that are addressed in ECF

21  272, but respectfully asks the Court to order that those depositions go forward on a to-be-agreed

22  date. Milk Moovement reserves the right to renew its deposition-related motions to compel in the

23  event the parties are unable to reach agreement on deposition scheduling. In renewing its motion at

24  ECF 272, Milk Moovement incorporates by reference the arguments it previously set forth in the

25  joint statement filed at ECF 276.

26         **4.      Deposition of and Production of Documents from Scott Sexton (ECF 264):**

27  Milk Moovement previously moved to compel production of documents and deposition testimony

28  from Scott Sexton, Dairy's CEO. (ECF 264.) The parties' joint statement regarding that motion

MILK MOOVEMENT'S STATEMENT PURSUANT TO THE COURT'S MAY 17 ORDER

1    sets forth both parties' arguments concerning Mr. Sexton's relevance as a custodian and deponent

2    in this case.  (*See* ECF 277.)  At the Court's April 5 conference, the Court recognized that "there is

3    another theory of relevance that [Milk Moovement's counsel] is forwarding" regarding Mr.

4    Sexton's testimony "that is potentially sound but might be ruled in or our by the ruling the motion

5    to dismiss" and therefore denied Milk Moovement's motion without prejudice.  (Apr. 5 Hr'g Tr.

6    27:1-11.)  Milk Moovement understood the Court to be referring to Milk Moovement's argument

7    that Mr. Sexton is a percipient witness concerning Milk Moovement's antitrust claims and

8    affirmative defenses, even if he is not a witness respect to Dairy's trade-secret claims.

9            But, as Milk Moovement previously explained, the limited discovery Dairy has produced

10   to date—fewer than 1,700 documents—already establishes that Mr. Sexton had direct, firsthand

11   knowledge of and involvement in not only the antitrust issues at the core of Milk Moovement's

12   counterclaims, but also the Dairy/CDI relationship at the heart of Dairy's claims against Milk

13   Moovement.  In addition to the documents referenced in Milk Moovement's portion of the Joint

14   Statement (ECF 277 at 5-6), Dairy has since produced additional documents that show Mr.

15   Sexton's direct involvement in ███████████████████████████████

16   ████████████████ Specifically:

17   █   ████████████████████████████████████

18       ██████████████████████████████████

19       ███████████████████████████████████████

20       ████████████

21   █   ███████████████████████████████████

22       ████████████████████████████████████

23       ███████████████████████████████

24       █████████████████████████████████

25       ████████████████████████████████████████

26       ████████████████████████████████████

27       ████████████████████████████████████

28       ████████████████████████████████



20   There is no question that Mr. Sexton had direct responsibility for and gave specific instructions to

21   his team regarding CDI's decision to leave Dairy and retain Milk Moovement—which form the

22   very foundation of Dairy's claims in this lawsuit.

23          Dairy has previously—and incredibly—argued that "Mr. Sexton simply lacks the day-to-

24   day involvement with CDI—or with any client relationship on a granular level—that would yield

25   relevant and proportional documents or knowledge." (ECF 177 at 12.)  As the documents cited

26   above and in connection with Milk Moovement's prior submission show, however, that is simply

27   not true.

28

1  ███████████████████████  Mr. Sexton was not merely an apex CEO far removed

2  from the action relevant to this litigation—he has personal knowledge relevant to both parties'

3  claims and defenses.  Additionally, Dairy itself has admitted in a prior filing that Mr. Sexton

4  supervised Dairy's acquisition strategy, which is directly relevant to Milk Moovement's claims

5  that Dairy cemented its monopoly through anticompetitive acquisitions.  Dairy wrote:

> While Mr. Sexton was the "Executive Sponsor" for the CDI account,
> he was responsible for account strategy, not the trade-secret issues
> relevant to this case.  After CDI signed its Producer Payroll
> contract—in 2018, three years before the relevant events—he was no
> longer closely involved but instead focused on his CEO/President
> duties (e.g., mergers and acquisitions and recruiting and managing
> executives).

(ECF 206 at 9 (emphasis added).)  Milk Moovement respectfully submits that this

admission and the ample evidence already in the record show that Mr. Sexton should be a

document custodian and should be subject to deposition, and Dairy cannot credibly claim to the

contrary.  In renewing its motion at ECF 264, Milk Moovement incorporates by reference the

arguments it previously set forth in the joint statement filed at ECF 277.

*     *     *

Milk Moovement appreciates the Court's attention to these matters and will work together

with Dairy to complete discovery on a reasonable timeline.  We look forward to discussing these

matters with the Court at the May 24 conference.

Dated:  May 19, 2023                    Respectfully submitted,

**BRAUNHAGEY & BORDEN LLP**

By: /s/ *Douglas S. Curran*
Douglas S. Curran

*Attorneys for Counterclaim-Plaintiff
and Defendant Milk Moovement, Inc. and
Defendant Milk Moovement, LLC*