UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVER.AG, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILK MOOVEMENT, INC., a/k/a Milk Moovement, LLC, a foreign corporation,<br><br>　　　　　Defendant. | No.  2:21-cv-02233 WBS AC<br><br><br>ORDER |

　　　　The parties appeared before the court on May 24, 2023 for a discovery conference.  ECF No. 338.  This case has been before the court numerous times throughout the course of discovery and the parties are aware of the history and status of the case; it will not be repeated here.  At the most recent discovery conference, the court reserved a ruling on the single issue of whether Scott Sexton, CEO of Ever.Ag, LLC (formerly Dairy, LLC) is an appropriate deponent and custodian document production.

　　　　This issue has been before the court before.  Plaintiff has consistently argued that Mr. Sexton is exempt from discovery under the "apex doctrine" which holds that the "deposition of a high-level official or executive, often referred to as an 'apex' deposition, may be precluded by the Court under Rule 26(c) where the discovery sought 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"  Est. of Levingston v. County of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (quoting Apple Inc. v. Samsung Electronics Co., Ltd., 282

F.R.D. 259, 263 (N.D. Cal. 2012)).  First, the party objecting to a deposition must demonstrate the proposed deponent "is sufficiently 'high-ranking' to invoke the deposition privilege." Thomas v. Cate, 715 F.Supp.2d 1012, 1049 (E.D. Cal. 2010) (citing United States v. Sensient Colors, Inc., 649 F.Supp.2d 309, 320 (D. N.J. 2009)).  Upon this showing, the Court then should consider: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Apple, Inc., 282 F.R.D. at 263; see also Coleman v. Schwarzenegger, 2008 WL 4300437 at *2 (E.D. Cal. Sept. 15, 2008) ("The extraordinary circumstances test may be met where high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources.'" [citations omitted] ).

On January 31, 2023, the undersigned issued an order declining to add Mr. Sexton to the list of deponents and custodians because the argument presented at the time did not persuade the court that Mr. Sexton was anything more than an apex executive.  ECF No. 226.  Since that time, evidence has been presented that indicates Mr. Sexton's direct involvement with the matters at issue in this case have been more extensive, and included more direct involvement, than previously believed.  ECF Nos. 332 at 4-6, 333.  Additionally, the recent order allowing defendants' antitrust counterclaims to proceed significantly expands the scope of this case and the likelihood that Mr. Sexton has relevant, unique knowledge.  ECF No. 327.  While Mr. Sexton remains sufficiently high-ranking to support invocation of apex doctrine, the court can no longer conclude that Mr. Sexton's involvement is too remote, duplicative, or disinterested to warrant his inclusion in the discovery process.  It is apparent at this juncture that Mr. Sexton has unique first-hand, non-repetitive knowledge and that he is an appropriate custodian and deponent.  Discovery may proceed in accordance with the Local and Federal Rules.

IT IS SO ORDERED.

DATED: June 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2