UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVER.AG, LLC, a Delaware Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MILK MOOVEMENT, INC., a foreign Corporation, and MILK MOOVEMENT, LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendants. | No. 2:21-cv-002233 WBS AC<br><br>ORDER |
| MILK MOOVEMENT, INC., a foreign corporation,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>EVER.AG, LLC, a Delaware Limited Liability Company<br><br>　　　　　Defendants. | |

　　　Pending before the court is Milk Moovement, Inc. ("Milk")'s motion for the court to reconsider its previous fee-shifting order (ECF No. 419) related to Milk's failed emergency

1

discovery motion. ECF No. 420. Also pending is Ever.Ag LLC ("Dairy")'s motion for attorney's fees. ECF No. 424. For the reasons set forth below the motion for reconsideration is DENIED and the motion for attorney fees and costs is GRANTED in a reduced amount.

## I.     Motion for Reconsideration

On August 7, 2023, Milk brought an ex parte application for an emergency order to show cause, accusing Dairy of various discovery-related abuses. ECF No. 387. On August 21, 2023, the court issued an order denying the motion and, finding that the ex parte motion was baseless, ordered Milk to reimburse Dairy its fees. ECF No. 419 at 5. Milk now asks the undersigned to reconsider the decision to order fee-shirting. ECF No. 420. To support this motion to reconsider, Milk asserts that it is a small start-up company and "does not have the resources or wherewithal to fund long-term, scorched-earth litigation." Id. at 2. Milk argues that is customers and investors expressed "notable concern and surprise" upon receiving subpoenas from Dairy, which "forced Milk Moovement into a position of crisis management." ECF No. 420 at 2.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir.1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir.1998). Reconsideration is only appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 512 U.S. 1236 (1994). There may be other highly unusual circumstances warranting reconsideration. School District 1J, 5 F.3d at 1263.

Milk has not presented the court with new law or facts, and has not identified any error. Instead, Milk's motion amounts to a statement that it does not want to pay fees and that doing so

///

would be burdensome.  Because the motion presents no basis for reconsideration, it must be denied.

The court notes that Milk and Dairy have both fully participated in the "scorched earth" discovery practices that have taken place in this litigation; it is disingenuous for Milk to position itself as a victim of abusive discovery practices while the docket shows it has fully engaged in the ongoing excessive litigiousness.[1]  As indicated by the Standing Order to Show Cause issued at ECF No. 419, the court will no longer tolerate frivolous and/or unnecessary motions from either party.  Though sanctions will not issue at this time, the court now makes an express finding that the motion to reconsider is frivolous.  Future frivolous motions will result in an order to show cause why the court should not order sanctions payable to the court.

## II.   Award of Fees and Costs

The court previously awarded fees to Dairy in conjunction with its litigation of Milk's emergency ex-parte motion, stating the amount would be determined separately based on stipulation or briefing.  ECF No. 419 at 6-7.  Though the parties were encouraged to file a stipulation as to the amount, they were unable to reach an agreement.  Dairy requests reimbursement in the range of $30,532.50 to $45,141.85—the high end of which reflects half of what Dairy claims are its actual fees and costs.  The low end of this range was calculated using an hourly rate of $350 for attorneys and $75 for paralegals, which is the rate the Court has

---

[1] See, ECF Nos. 93 (motion for protective order by Milk, denied at ECF No. 121), 117 (motion to compel by Milk, withdrawn at ECF No. 127), 139 (discovery motion by Milk, granted at ECF No. 167), 141 (motion to compel by Dairy, granted in part at ECF No. 167), 151 (motion for sanctions by Milk, granted in part at ECF No. 201), 185 (motion to compel by Dairy, denied at ECF No. 226), 189 (motion to compel by Diary, denied at ECF No. 226), 206 (joint requests, denied at ECF No. 226), 242 (motion for protective order by Dairy, granted/denied in part at ECF No. 303), 246 (motion for protective order by Dairy, granted/denied in part at ECF No. 303), 260 (motion to compel by Milk, denied without prejudice at ECF No. 303), 264 (motion to compel by Dairy, denied without prejudice at ECF No. 303), 268 (motion to stay by Dairy, granted at ECF No. 303), 269 (motion to compel by Dairy, granted at ECF No. 303), 272 (motion to compel by Milk, granted in part and denied in part at ECF No. 303), 301 (motion to compel by Milk, granted at ECF No. 324), 302 (motion to compel by Dairy, denied at ECF No. 324), 351 (motion to compel by Dairy, granted/denied in part at ECF No. 371), 352 (motion to compel by Milk, granted/denied in part at ECF No. 352).

previously applied in this case,[2] and reflects the 85.5 hours spent by Dairy's attorneys, and 8.1 hours spent by counsel's support staff (paralegals and librarians), responding to the Ex Parte Emergency Motion, preparing a proposed stipulation, meeting and conferring with Milk Moovement about that stipulation, and preparing the motion for fees. Dairy submitted a billing statement to support is hour request. ECF No. 424-1 at 21. Dairy also argues that the rate should be increased, primarily because it is outdated.

The hours requested by Dairy include a request for "fees on fees"—time spent working on obtaining the ordered fees. ECF No. 424-1 at 4. Dairy spent 59.5 hours of attorney time and 8.1 hours purely on litigation of Milk's ex-parte motion. Id. The court notes that Dairy tried to obtain a stipulation from Milk, and the final offer was that Milk pay $28,000 in fees and withdraw the motion for reconsideration decided above. ECF No. 424-1. That offer of $28,000 reflects an amount higher than Dairy would be entitled to under the 2017 Sacramento rates for hours restricted to the original motion, which would amount to $21,452.00 (59.5 x $350 = $20,825.00; 8.1 x $75 = $600). While the court recognizes Dairy's argument that the 2017 rates are outdated, they have been applied previously in this case and the court is disinclined to alter the applicable rates at this juncture. Thus, the court will not alter the previously applied rates.

In its opposition to the motion for fees, Milk argues that the fee request should be denied and "that Milk Moovement should not be ordered to pay Dairy any fees because this motion is a facial waste of the parties' and the Court's resources." ECF No. 428 at 3. This statement is inexplicable in the face of the fact that the court has already ordered that Dairy be awarded fees, and specifically authorized this briefing. However, the court agrees that neither Dairy nor Milk made an offer that could have avoided presentation of the fee issue, and therefore the court declines to award "fees on fees" and will not award fees for hours expended beyond those dedicated to litigating the initial ex parte motion.

---

[2] The court applied this rate to Dairy's prior inadvertent protective order violation, citing its prior decision in Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., 2017 WL 2492850, at *1 (E.D. Cal. June 9, 2017) ("The appropriate rate for reimbursement of fees in Sacramento is the Court's previously stated rate of $350 per hour for attorneys, and $75 per hour for paralegals.").

4

For the parties' future reference, the court does not intend to alter the fee rates for the purposes of this case.  The court will, however, award "fees on fees" as appropriate in the future, now that both parties are fully informed of the rates that will apply.  Here, Dairy is awarded $21,452.00 in fees.

### III.   Conclusion

Milk's motion for reconsideration (ECF No. 420) is DENIED.  Dairy's motion for fees (ECF No. 424) is GRANTED in the reduced amount of $21,452.00, to be paid within 14 days of this order.

DATED:  September 11, 2023.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE