UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVER.AG, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>MILK MOOVEMENT, INC., a/k/a Milk Moovement, LLC, a foreign Corporation,<br><br>Defendant. | No. 2:21-cv-02233-WBS-AC<br><br>ORDER |

This case is before the court on Milk Moovement, Inc. ("Milk")'s motion for the court to permit up to 15 depositions per side. ECF No. 449. The parties have submitted the required joint statement (ECF No. 453) and Milk has submitted the required declaration in response to the undersigned's standing order to show cause. ECF Nos. 419, 453-5. Having considered all the arguments, the motion is DENIED.

This case has been before the undersigned on discovery matters numerous times and the parties are familiar with the history of this case; it will not be repeated here. Federal Rule of Civil Procedure 30(a)(2)(A)(i) requires a party to obtain leave of court before exceeding 10 depositions unless the parties stipulate to additional depositions. Both Milk and Ever.Ag. LLC ("Dairy") have noticed more than 10 depositions. ECF No. 453 at 3. However, Dairy objects to the court ordering additional depositions, arguing that Milk has not made a particularized showing of the

need for additional depositions, the additional depositions are unnecessary, and that they are impractical considering the looming fact discovery deadline. ECF No. 453 at 5-8. Fact discovery in this case closes on October 27, 2023, though the parties have stipulated to take fact witness depositions beyond the deadline upon mutual agreement, on a case-by-case basis. ECF No. 458 at 2.

The motion for additional depositions is DENIED because the court finds that Milk has not made a showing that the additional depositions are necessary, and the court is disinclined to order additional non-specific discovery in a case where the discovery is already bloated. Milk provides a list of 14 additional deponents, from whom they would choose five if this motion were granted. Milk does not identify any compelling need for any deponent; it simply wants additional deponents. The parties are free to stipulate to additional deponents, but the court sees no justifiable cause to order additional depositions.

With respect to the standing order to show case (ECF No. 419), the undersigned will not impose sanctions payable to the court at this time. However, the court cannot conclude, considering the timing of this motion and the generalized nature of the argument, that this motion was entirely unavoidable. The parties are on notice by previous orders that, by virtue of the specific discovery history of this case, the undersigned will be swift to order the losing party in a discovery dispute to pay fees incurred by the opposition. See, e.g., ECF No. 433. The undersigned concludes fee shifting is appropriate here, and Milk is ORDERED to reimburse Dairy at the hourly rate of $350 for attorneys and $75 for paralegals, for Dairy's hours expended in drafting the joint statement (hours spent in negotiations shall not be included). The court is confident that the parties can stipulate to the specific amount; should the court need to resolve a dispute related to the fee shifting order, sanctions and/or additional fees may issue as necessary and appropriate.

////
////
////
////

It is ORDERED that the motion for additional depositions (ECF No. 449) is DENIED and Milk Moovement is ORDERED to reimburse Dairy its attorneys' fees associated with drafting the joint statement within 14 days of this order.

IT IS SO ORDERED.

DATED: October 12, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE